**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Renegy, LLC,, </br> </br>        Plaintiff, </br> </br>    vs. </br> </br> Long Beach Shavings Co., Inc., </br> </br>        Defendant. | No. CV-11-8021-PCT-PGR </br> </br> </br> ORDER |

In a complaint filed on February 14, 2011, the plaintiff alleges that the Court has diversity of citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Having reviewed the complaint, the Court finds that the jurisdictional allegations therein are insufficient as a matter of law to establish the existence of subject matter jurisdiction.  The Court will therefore require the plaintiff to file an amended complaint properly stating a jurisdictional basis for this action.  *See* 28 U.S.C. § 1653; *see also,* Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926) ("The established rule is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.")

The jurisdictional allegation concerning the citizenship of the plaintiff, which

merely states in relevant part that "Renegy is an Arizona limited liability company with its principal place of business in Arizona[,]" is facially deficient as a matter of law inasmuch as the citizenship of a limited liability company for purposes of § 1332 is the citizenship of each of its members. <u>Johnson v. Columbia Properties Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006) ("Notwithstanding LLCs' corporate traits, ... every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. ... We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.")  Since the complaint fails to state the citizenship of the plaintiff's members, the Court will require the plaintiff to specifically identity in its amended complaint each of its members by name, specifically allege the type of business entity that any non-individual member is, and affirmatively allege the state of citizenship of each member.

The plaintiff is advised that its failure to timely file an amended complaint that cures the pleading deficiency noted in this Order shall result in the dismissal of this action for lack of subject matter jurisdiction.  Therefore,

IT IS ORDERED that the complaint is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the plaintiff shall file an amended complaint properly stating a jurisdictional basis for this action no later than **February 25, 2011.**

DATED this 15th day of February, 2011.

Paul G. Rosenblatt
United States District Judge

- 2 -